**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KARIE WHITTINGTON** **PLAINTIFF**

**v.** **Case No. 4:25-cv-00510-LPR**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

**ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 18) and the Plaintiff's Objections (Doc. 19). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD as its findings and conclusions in all respects. The Court will, however, briefly address Plaintiff's principal objections to the RD.

Plaintiff first argues that the RD's upholding of her carpal tunnel limitations "rest[s] on an incomplete and legally erroneous foundation" because the ALJ crafted these limitations "without medical opinion evidence" or a physician's interpretation of the "raw medical data[.]"[1] But "there is no requirement that an RFC finding be supported by a specific medical opinion[,]" and "[a]n ALJ need not obtain from medical professionals a functional description that wholly connects the dots."[2] The carpal tunnel limitations in the RFC are sufficiently supported by the medical evidence, which demonstrates a limited, conservative treatment history with improvement in Plaintiff's symptoms after completing chemotherapy.[3] The ALJ had no duty to further develop the evidence with respect to this issue.

---

[1] Pl.'s Objections (Doc. 19) at 3.

[2] *Bonham v. Bisignano*, 177 F.4th 934, 941, 945 (8th Cir. 2026) (internal quotation marks omitted) (first quoting *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); then quoting *Noerper v. Saul*, 964 F.3d 738, 746 (8th Cir. 2020)).

[3] *See* Tr. at 26, 29, 32–34, 36–43.

Plaintiff next faults the RD for failing to address her argument that the ALJ cherry-picked evidence regarding Plaintiff's gait by not citing to six pages in the administrative transcript (out of over 2,000 pages of medical records) noting that "[Plaintiff's] gait appears to be asymmetric and abnormal."[4] This argument is meritless. "[A]n ALJ is not required to discuss every piece of evidence submitted[,]" and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]"[5] The ALJ fully discussed the medical records from Advanced Spine and Pain Centers, and the ALJ obviously was not tasked with memorializing every clinical finding contained within those records.[6] Plaintiff does not attempt to explain how a finding of asymmetric and abnormal gait undermines the numerous normal clinical exam findings referenced in both the ALJ's decision and the RD. Thus, this argument fails.

Plaintiff's challenges to the ALJ's evaluation of her subjective complaints fare no better.[7] The ALJ acknowledged and considered the relevant factors in an incredibly thorough analysis of the record evidence and sufficiently explained his rationale in discounting the credibility of Plaintiff's subjective complaints.[8] The Court finds no error on this point.

Plaintiff's final arguments allege that, where an ALJ finds a mental limitation while performing the Psychiatric Review Technique (PRT), the ALJ is required to either include a corresponding limitation in the RFC or specifically provide a reason for its omission.[9] Plaintiff cites zero controlling authority setting forth such a standard, and the Court has not found any Eighth Circuit case reversing an ALJ's decision based on the failure to explain why mild mental

---

[4] Pl.'s Objections (Doc. 19) at 5–6 (citing Tr. at 566, 1076, 2088, 2107, 2117, 2122).

[5] *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

[6] Tr. at 28–33, 35–38, 40–42, 44.

[7] *See* Pl.'s Objections (Doc. 19) at 6–10.

[8] Tr. at 25–45.

[9] Pl.'s Objections (Doc. 19) at 10–13.

limitations identified in the PRT were not included in the RFC.[10] On the contrary, the Eighth Circuit has explained that "the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized."[11]

In this case, the ALJ's sole statement supporting his finding of "mild limitations" in Plaintiff's ability to concentrate, persist, or maintain pace was that "[Plaintiff] contended that she has limitations in concentrating generally and completing tasks due to the chemotherapy."[12] And, in his detailed Step Two discussion, the ALJ specifically found that, "with the conclusion of [Plaintiff's] cancer treatment, her mental health issues improved."[13] The Court is not required to conclude that this PRT finding of a situational mild limitation is inconsistent with an RFC that does not include mental limitations, especially where the ALJ has so thoroughly explained his reasons for denying benefits and the decision is supported by substantial evidence on the record as a whole. Because the ALJ's findings can be harmonized, the Court finds no error occurred in this regard.

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED, and Judgment will be entered for the Commissioner in this case.[14]

DATED this 28th day of September 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[10] *See id*.

[11] *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018).

[12] Tr. at 24.

[13] *Id*. at 23.

[14] Technical changes have been made compared to the RD with respect to the disposition of this case.